# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>FENIX INTERNET, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 1:21-cv-6624 |

## NOTICE OF REMOVAL

Defendant Fenix Internet, LLC ("Fenix") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. Plaintiff Jane Doe brings claims on behalf of herself and a putative class. Plaintiff alleges that Fenix violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"). (Ex. 1, Compl., ¶¶ 33–35). This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists, the proposed class consists of over 100 members, and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2); 1332(d)(5)(B); 1441; 1446; and 1453(b).

### Nature of Plaintiff's Complaint

1. Plaintiff alleges that she is a citizen of Illinois and completed the registration and identity verification process to become a content creator on Onlyfans.com in the summer of 2019. (Ex. 1, Compl., ¶¶ 11, 28).

2. Plaintiff alleges that to be approved as a content creator Fenix requires that a potential content creator submit a photo of a government ID, in addition to a selfie of them holding

1

the government ID. (*Id.* ¶ 20).

3. Plaintiff alleges that Fenix's verification technology verified Plaintiff's identity by extracting her facial biometrics from her selfie, and comparing them to the facial biometrics that it extracted from her driver's license. (*Id.* ¶¶ 20, 30, 32).

4. Plaintiff alleges that in addition to the initial verification process, Fenix also utilizes a "First Automated Verification" process for verifying content creators' age and/or identity following the initial verification, and that Fenix has collected the facial biometrics of thousands of individuals through its automated verification process. (*Id.* ¶¶ 21-23).

5. Plaintiff alleges during the summer of 2021, Onlyfans.com undertook a mass age/identity verification campaign that required content creators to re-verify their age and identity through its automated biometric identification process. (*Id.* ¶24).

6. Plaintiff alleges Fenix failed to make publicly available a valid written policy as to its retention and deletion practices regarding the biometrics in its possession, Fenix profited from the collection of Plaintiff's biometrics, and that Fenix failed to maintain a reasonable standard of care with regards to the biometrics it obtained from Plaintiff and others. (*Id.* ¶¶ 33–35, 49, 58, 67).

7. Plaintiff seeks to represent a class of "[a]ll individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, profited from, or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period." (*Id.* ¶ 37).

**Grounds for Removal**

8. This Court has jurisdiction under CAFA over putative class actions where (1) minimal diversity exists; (2) the proposed class contains at least 100 members; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2) (granting district courts

original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1332(d)(5)(B) (requiring at least 100 members in proposed class); 1453(b) (permitting removal of class actions under section 1446); and 1446 (permitting removal). This case meets CAFA's three requirements.

9. *First*, minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10. Plaintiff alleges that she is a citizen of Illinois. (Ex. 1, Compl., ¶ 11).

11. Fenix is a citizen of Delaware. For diversity jurisdiction purposes under CAFA, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10). Fenix has its principal place of business in Delaware and is organized under the laws of Delaware. (Ex. 2, Decl. of Sean Wieber, ¶ 3). Thus, Fenix is a citizen of Delaware, and minimal diversity exists.

12. *Second*, the proposed class consists of more than 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to bring this action on behalf of "[a]ll individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, profited from, or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period." (Ex. 1, Compl., ¶ 37). Plaintiff alleges that "[t]here are thousands of members" of the putative class. (*Id.* ¶ 39).

13. *Third*, the amount in controversy plausibly "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall

be aggregated." 28 U.S.C. § 1332(d)(6). A defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Plaintiff seeks statutory damages of $5,000 for each willful and/or reckless violation of BIPA and $1,000 for each negligent violation of BIPA, among other requested relief, and alleges at least three separate violations of BIPA. (Ex. 1, Compl., ¶¶ 52, 61, 70). Given Plaintiff's allegation that "[t]here are thousands of members" of the putative class (*Id.* ¶ 39), the Complaint easily seeks damages in excess of $5,000,000. Even if the proposed class contained only 400 members, the alleged aggregate damages are $6,000,000 if Plaintiff proves three separate BIPA "violations" as to the entire class due to BIPA's statutory damages remedy, 740 ILCS 14/20. (400 class members x $5,000 statutory damages x 3 violations = $6,000,000.) Fenix disputes that Plaintiff will be able to recover damages at all and disagrees with this method of calculating damages, but it expects that Plaintiff will advance this theory of damages in this case and acknowledges that existing law does not definitively refute it, making it an appropriate method for assessing the amount in controversy under CAFA.

## Compliance with the Removal Statute

14. Finally, the procedural requirements for removal have been satisfied. Fenix was served on November 11, 2021. (Ex. 1, at 1.) The deadline to file this notice is thus December 13, 2021. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a). This notice has thus been timely filed.

15. Further, as required by 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed or served on Fenix in the Circuit Court of Cook County action are attached hereto as Exhibit 1.

16. Finally, Fenix provided written notice of this notice to counsel for Plaintiff, and it has filed a copy of this notice with the clerk of the Circuit Court of Cook County. 28 U.S.C. § 1446(d).

Dated: December 10, 2021

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Sean G. Wieber*
    Sean G. Wieber
    Patrick R. O'Meara
    WINSTON & STRAWN LLP
    35 W. Wacker Dr.
    Chicago, Illinois 60601
    Phone: 312-558-5600
    Fax: 312-558-5700
    E-mail: swieber@winston.com

*Attorneys for Defendant Fenix Internet, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2021, I filed the foregoing document using the CM/ECF system and caused it to be sent via electronic mail and U.S. mail to counsel for Plaintiff as follows:

    Eugene Y. Turin
    Colin P. Buscarini
    MCGUIRE LAW, P.C.
    55 W. Wacker Dr., 9th Fl.
    Chicago, IL 60601
    Phone: 312-893-7002
    eturin@mcgpc.com
    cbuscarini@mcgpc.com

By: */s/ Sean G. Wieber*
    Sean G. Wieber
    Patrick R. O'Meara
    WINSTON & STRAWN, LLP
    35 W. Wacker Dr.
    Chicago, Illinois 60601
    Phone: 312-558-5600
    Fax: 312-558-5700
    E-mail: swieber@winston.com

*Attorneys for Defendant Fenix Internet, LLC*