# Exhibit 1

# *LaSalle Process Servers L.P.*

**Invoice**

**105 W. Madison St. Ste 1306**
**Chicago, Il. 60602**
**Phone: 312-263-0620**
**FEIN# 36-4247052**

| DATE | INVOICE # |
|------|-----------|
| 11/12/2021 | 62898 |

BILL TO
McGuire Law P.C.
55 W. Wacker Dr.
9th Floor
Chicago, IL. 60601
Attn:Eugene Y. Turin

CASE INFO
Jane Doe
vs.
Fenix Internet LLC
2021 CH 5635

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Services Rendered | 255.00 |
| Summons and Complaint
Fenix Internet LLC
Call at address given in Wilmington, DE | |

CUSTOMER ACCEPTS AND ACKNOWLEDGES ALL INVOICES AS
CORRECT UNLESS NOTICE IS GIVEN TO LASALLE PROCESS
SERVERS L.P. WITHIN FIFTEEN (15) DAYS OF PRESENTATION.

ALL FEES AND CHARGES ARE BASED UPON PROMPT PAYMENT.

ALL INVOICES MUST BE PAID IN FULL WITHIN 30 DAYS.  IF ANY
INVOICE REMAINS UNPAID AFTER THE 90-DAY PERIOD, ALL
SERVICES WILL BE SUSPENDED UNTIL THE BALANCE HAS BEEN
PAID IN FULL.

CHECK OUT OUR WEB SITE WWW.LASALLEPROCESSSERVERS.COM
ILLINOIS PRIVATE DETECTIVE LICENSE #117-001432

THANK YOU FOR YOUR BUSINESS. PLEASE REMIT IN 15
DAYS.

**Total**

$255.00

# Affidavit of Process Server

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| JANE DOE | VS | FENIX INTERNET LLC | 2021-CH-05635 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I KEVIN S. DUNN _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. RECEIVED 11/10/2021

Service: I served FENIX INTERNET LLC
_____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS AND COMPLAINT

by leaving with ASHLEY RIGANO (MANAGING AGENT) _____ At
NAME                                          RELATIONSHIP

☐ Residence _____
ADDRESS                                CITY / STATE

☒ Business C/O CASTLE PINES, INC., 501 SILVERSIDE ROAD, SUITE 87, WILMINGTON, DE 19809
ADDRESS                                CITY / STATE

On _____11/11/2021_____ AT ____10:00 AM____ .
DATE                                TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
DATE

from_____
CITY          STATE          ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _18_ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ **Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
DATE          TIME          DATE          TIME

(3)_____ (4)_____ (5)_____
DATE     TIME          DATE     TIME          DATE     TIME

AGE _35_   Sex FEMALE Race WHITE Height 5'5   Weight _130_   HAIR BROWN

_____
SIGNATURE OF PROCESS SERVER

KEVIN S. DUNN

SUBSCRIBED AND SWORN in the State of Delaware, New Castle County before me this _11TH_ day of NOVEMBER ,2021

_____
SIGNATURE OF NOTARY PUBLIC

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2022

NOTARY PUBLIC for the state of DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

Hearing Date: 3/8/2022 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
　　　Cook County, IL

FILED
11/8/2021 3:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05635

15518968

FILED DATE: 11/8/2021 3:30 PM    2021CH05635

2120 - Served　　　　　　　　2121 - Served
2220 - Not Served　　　　　　2221 - Not Served
2320 - Served By Mail　　　　2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
Summons - Alias Summons　　　　　　　　　(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE

　　　　　　　　　　(Name all parties)　　Case No.　2021-CH-05635
　　　　　　　v.

FENIX INTERNET LLC
c/o Castle Pines, Inc.
501 Silverside Road, Suite 87
Wilmington, DE 19809　　　　☑ SUMMONS　☐ ALIAS SUMMONS
To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30 days after its date.

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons          (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 56618

Atty Name: McGuire Law, P.C.

Atty. for: Plaintiff

Address: 55 W. Wacker Dr., 9th Fl.

City: Chicago

State: IL    Zip: 60601

Telephone: (312) 893-7002

Primary Email: eturin@mcgpc.com

Witness: _____

11/8/2021 3:30 PM IRIS Y. MARTINEZ

IRIS MARTINEZ, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):



FILED DATE: 1/8/2021 3:30 PM 2021CH05635

FILED DATE: 11/8/2021 3:30 PM   2021CH05635

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Hearing Date: 3/8/2022 9:30 AM - 9:30 AM     **12-Person Jury**
Courtroom Number: 2402
Location: District 1 Court
Cook County, IL

FILED
11/5/2021 2:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05635

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

JANE DOE, individually and on behalf of     )          15497242
similarly situated individuals,             )
                                            )   No.  **2021CH05635**
    *Plaintiff,*                            )
                                            )   Hon.
        v.                                  )
                                            )
FENIX INTERNET LLC., a Delaware             )
corporation,                                )   **Jury Trial Demanded**
                                            )
    *Defendant.*                            )
_____)

### CLASS ACTION COMPLAINT

Plaintiff Jane Doe ("Plaintiff") both individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Fenix Internet LLC ("Defendant" or "Fenix") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)-(e) ("BIPA"). Plaintiff alleges the following based on personal knowledge as to Plaintiff's own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

### INTRODUCTION

1.      "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

2.      BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

1

FILED DATE: 1/5/2021 2:29 PM   2021CH05635

3.     As set forth in BIPA, biologically unique identifiers, such as a person's unique facial geometry, cannot be changed. 740 ILCS 14/5(c). The inalterable nature of biologically unique identifiers presents a heightened risk when an individual's biometrics are not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

4.     As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including facial scans.

5.     Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

6.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

7.     "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

8.     In BIPA, the Illinois General Assembly identified five distinct activities that may subject private entities to liability:

2

a.   possessing biometrics without a proper policy publicly available, 740 ILCS 14/15(a);

b.   collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

c.   selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c);

d.   disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

e.   failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

9.   As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id.*

## PARTIES

10.   Defendant Fenix Internet LLC, is a Delaware corporation.

11.   Plaintiff Jane Doe is a resident of Cook County, Illinois and a citizen of the state of Illinois.

## JURISDICTION AND VENUE

12.   This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant unlawfully collected, possessed and stored Plaintiff's biometrics as a result of their use of Defendant's website in Illinois. Because of Onlyfans.com's popularity and the scope and magnitude of Defendant's use of biometrics in

3

FILED DATE: 1/5/2021 2:29 PM   2021CH05635

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

connection with Onlyfans.com, Defendant knew that it would store, profit off of, and otherwise come into possession of Illinois residents' biometrics.

13.  Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County, Illinois, and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County, Illinois.

## COMMON ALLEGATIONS OF FACT

14.  Defendant operates the website Onlyfans.com which is a social media website that features content created by "Content Creators" for access by "Fans" who subscribe to access creators' content.

15.  While content creators can make almost any type of content available for their fan subscribers to access, Onlyfans.com is primarily known for featuring adult content from content creators that visitors to the website can purchase either through a monthly subscription to a specific content creator or by purchasing specific or personally requested content.

16.  As of late 2021, Onlyfans.com featured over 2 million content creator accounts and over 130 million user accounts globally, with the vast majority of its website users located in the United States, including in Illinois.

17.  Onlyfans.com has recorded massive income from its operations, with over $1.2 billion in purchases made by visitors from its content creators just in 2020.[1]

18.  In exchange for hosting its content creators' content and providing a platform for them to sell content to site visitors, Defendant, the United States-based operator of Onlyfans.com, pays a set percentage of the subscription and content purchases made by site visitors to the content

---

[1] www.businessinsider.com/onlyfans-lockdown-boom-transactions-hit-24b-revenue-up-553-2021-4.

creators.

19.     Because of the adult nature of the majority of the content featured on Onlyfans.com, to become a content creator on Onlyfans.com an individual must go through a registration process which includes verification of their age and identity.

20.     Specifically, to be approved as a content creator Defendant requires that a potential content creator submit a photo of a government ID, in addition to a selfie of them holding the government ID. After submitting their information and necessary photos, content creators are verified within the next 24 to 48 hours.

21.     In addition to Defendant's initial verification process, Defendant also utilizes a "Fast Automated Verification" process for verifying content creators' age and/or identity following the initial verification. This process may be triggered if a content creator's content is flagged for signs of suspicious activity or otherwise as part of Defendant's internal review requirements.

22.     When a content creator uses Defendant's automated verification process they are forwarded to a web portal within the Onlyfans.com website that asks them to submit a selfie of their face. They are then asked to submit a picture of the front and back of a valid government identification document that features their face.

23.     Defendant's automated verification process works by extracting the facial biometrics of the user to create a geometric profile of their face and comparing it to the biometric profile that it extracts from the user's ID document to see if they match. As such, through its automated verification process, Defendant has collected the facial biometrics of thousands of individuals, including Illinois residents.

24.     During the summer of 2021, after receiving complaints globally about a lack of

5

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

sufficient efforts to ensure that content creators were not minors, Onlyfans.com undertook a mass age/identity verification campaign that required many of its content creators that were selling paid content on its Onlyfans.com platform to re-verify their age and identity through its automated biometric identity verification process. Content creators had to undergo the verification process before they could sell any more content or even withdraw any fund balances on their Onlyfans.com account.

25. However, while thousands of content creators located in Illinois, including Plaintiff and the other members of the Class, had to undergo Defendant's facial biometric verification process, Defendant failed to make publicly available a valid written policy as to its retention and deletion practices regarding the biometrics it gathered.

26. Furthermore, as the entity that collects funds from purchases made on its website and distributes earnings to its content creators, Defendant unlawfully profited from the facial biometrics it obtained from Plaintiff and the other members of the Class since due to the nature of the content that Defendant was hosting on its website Defendant necessarily relied on obtaining Plaintiff's and the other Class members' biometrics in order to operate and obtain its revenue.

27. Critically, Defendant also failed to adequately secure this sensitive biometric data as Defendant's employees had access to content creator's personal data and profiles, including after they were no longer employees.[2]

### FACTS SPECIFIC TO PLAINTIFF JANE DOE

28. Plaintiff Jane Doe completed the registration and identity verification process to become a content creator on Onlyfans.com in summer 2019.

---

[2] *See* www.vice.com/en/article/4avjvq/former-onlyfans-employees-user-personal-data-security-risk; https://nypost.com/2021/09/30/ex-onlyfans-employees-can-access-users-and-models-personal-info/.

6

FILED DATE: 11/5/2021 2:29 PM    2021CH05635

29.     Plaintiff has posted paid content available for purchase on Onlyfans.com for the past two years, and would regularly request disbursements of the funds she earned from Onlyfans.com. Plaintiff's pay stubs and 1099 tax forms featured Defendant's name, Fenix Internet, LLC and were sent to her Illinois address during the relevant time period.

30.     Sometime in Summer 2021, Defendant required Plaintiff to re-verify her age/identity through Defendant's automated verification process and was forwarded to a portal within the Onlyfans.com website where she was asked to provide a selfie of her face, along with a picture of her driver's license featuring a photo of her face.

31.     Even though Plaintiff did not wish to submit to Defendant's automated verification process, and kept her profile anonymous as she did not want her personal identity revealed, like many other content creators she was forced to do so if she wished to withdraw any funds that she had earned or to post any additional content for sale.

32.     After Plaintiff submitted a selfie of her face and a picture of her driver's license, Defendant's verification technology verified Plaintiff's identity by extracting her facial biometrics from her selfie, and comparing them to the facial biometrics that it extracted from her driver's license.

33.     Even though Defendant was aware that Plaintiff, like thousands of other members of the Class, was an Illinois residents and subject to the protections of BIPA, Defendant failed to make publicly available a valid written policy as to its retention and deletion practices regarding the biometrics in its possession in violation of Section 15(a).

34.     Furthermore, as the entity that profited from the collection of Plaintiff's biometrics and was only able to continue to legally operate its website by collecting Plaintiff's and the other Illinois Class members' biometrics, Defendant's practices were in violation of Section 15(c) of

BIPA.

35.     Finally, Defendant violated Section 15(e) of BIPA by having a substandard level of care compared to other entities that store highly sensitive information because it failed to prevent ex-employees from gaining access to the personal data it collected, including, upon information and belief, Plaintiff's biometric information.

36.     Plaintiff, on behalf of herself and the proposed Class defined below, seeks an injunction requiring Defendant to comply with BIPA's statutory requirements, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

CLASS ALLEGATIONS

37.     Plaintiff brings this action on her own behalf and on behalf of a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801 as defined below:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, profited from, or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period.

38.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

39.     There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

40.     Plaintiff's claims are typical of the claims of the Class she seeks to represent because the bases of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

8

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

41. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

   a. Whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents;

   b. Whether Defendant has a publicly available policy regarding its storage, retention, and deletion policies of biometrics;

   c. Whether Defendant profits from biometrics obtained from members of the Class;

   d. Whether Defendant exercised a reasonable standard of care in regards to the biometric information that it collected, captured, stored, disseminated, transmitted or otherwise used;

   e. Whether Defendant's conduct violates BIPA;

   f. Whether Defendant's BIPA violations are willful or reckless; and

   g. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

42. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

43. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

9



FILED DATE: 11/5/2021 2:29 PM   2021CH05635

have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

44.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

<u>COUNT I</u>
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
**(On behalf of Plaintiff and the Class)**

45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.     Defendant is a private entity under BIPA.

47.     As discussed above Plaintiff and the other Class members have had their "biometric identifiers," namely their facial biometrics, collected, captured, stored, disseminated, transmitted or otherwise used by Defendant as a result of interacting with Onlyfans.com's biometric identity verification process.

48.     Section 15(a) of BIPA requires any entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

49.     Though Defendant has come into possession of Plaintiff's and other Class members' facial biometric identifiers and/or information, it has failed to make publicly available any policy addressing its biometric retention and destruction practices.

10



FILED DATE: 11/5/2021 2:29 PM   2021CH05635

50.     As a result, Defendant has violated Section 15(a) of BIPA.

51.     Defendant, an entity that was headquartered in Illinois, knew, or was reckless in not knowing, that its utilization of a biometric identity verification process which Plaintiff and thousands of Illinois residents interacted with would be subject to 15(a) of BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

52.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

53.     Defendant's violations of Section 15(a) of BIPA, which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA.

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

    a.  Certifying the Class as defined above, appointing Plaintiff as class representative, and the undersigned as class counsel;

    b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

    d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

    e.  Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);



FILED DATE: 11/5/2021 2:29 PM   2021CH05635

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

h.  Awarding such further and other relief as the Court deems just and equitable.

### COUNT II
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(c)
#### (On behalf of Plaintiff and the Class)

54.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55.  Defendant is a private entity under BIPA.

56.  As discussed above Plaintiff and the other Class members have had their "biometric identifiers," namely their facial biometrics, collected, captured, stored, disseminated, transmitted or otherwise used by Defendant as a result of interacting with Onlyfans.com's biometric identity verification process.

57.  Section 15(c) of BIPA prohibits any private entity in possession of biometrics, such as Defendant, from selling, leasing, trading, or otherwise profiting from such biometrics. 740 ILCS 14/15(c).

58.  As alleged herein, Defendant profited from the facial biometrics it obtained from members of the Class, including Plaintiff, as Defendant obtained Plaintiff's and the other Class members' facial biometric for the sole purpose of being able to feature paid content and distribute funds to content creators like Plaintiff.

59.  Accordingly, Defendant has violated Section 15(c) of BIPA.

60.  Defendant knew, or was reckless in not knowing, that its biometric identity verification process would be subject to the provisions of Section 15(c) of BIPA, a statutory provision in effect since 2008, yet failed to comply with the statute.

12



FILED DATE: 11/5/2021 2:29 PM   2021CH05635

61.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

62.     Defendant's violations of Section 15(c) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(c) of BIPA.

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

h.  Awarding such further and other relief as the Court deems just and equitable.

13

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

**COUNT III**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(e)**
**(On behalf of Plaintiff and the Class)**

63.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

64.     Defendant is a private entity under BIPA.

65.     As discussed above Plaintiff and the other Class members have had their "biometric identifiers," namely their facial biometrics, collected, captured, stored, disseminated, transmitted or otherwise used by Defendant as a result of interacting with Onlyfans.com's biometric identity verification process.

66.     Section 15(e) of BIPA requires that any private entity in possession of biometrics, such as Defendant, maintain a reasonable standard of care for storing, transmitting, and protecting such sensitive information from disclosure. 740 ILCS 14/15(c).

67.     As alleged herein, Defendant failed to maintain a reasonable standard of care with regards to the biometrics it obtained from Plaintiff and the other members of the Class as Defendant permitted former employees to maintain access to their employee accounts and the ability to access content creators' data, including Plaintiff's and the Class' biometric information.

68.     Accordingly, Defendant has violated Section 15(e) of BIPA.

69.     Defendant knew, or was reckless in not knowing, that its biometric identity verification process would be subject to the provisions of Section 15(e) of BIPA, a statutory provision in effect since 2008, yet failed to comply with the statute.

70.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

71.     Defendant's violations of Section 15(e) of BIPA, a statutory provision that has been

FILED DATE: 11/5/2021 2:29 PM 2021CH06635

in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(e) of BIPA.

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 5, 2021          Respectfully submitted,

JANE DOE, individually and on behalf of similarly situated individuals

By:     /s/ Eugene Y. Turin
        *One of Plaintiff's Attorneys*

15

FILED DATE: 1/5/2021 2:29 PM   2021CH05635

Eugene Y. Turin
Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

16

**12-Person Jury**

FILED
11/5/2021 2:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05635

FILED DATE: 11/5/2021 2:29 PM  2021CH05635

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

15497242

|  |  |
|---|---|
| JANE DOE, individually and on behalf of similarly situated individuals, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| FENIX INTERNET LLC., a Delaware corporation, | ) ) ) |
| *Defendant.* | ) ) ) |

No. **2021CH05635**

Hon.

**Jury Trial Demanded**

## CLASS ACTION COMPLAINT

Plaintiff Jane Doe ("Plaintiff") both individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Fenix Internet LLC ("Defendant" or "Fenix") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)-(e) ("BIPA"). Plaintiff alleges the following based on personal knowledge as to Plaintiff's own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

### INTRODUCTION

1.    "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

2.    BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

1

FILED DATE: 11/5/2021 2:29 PM    2021CH05635

3.    As set forth in BIPA, biologically unique identifiers, such as a person's unique facial geometry, cannot be changed. 740 ILCS 14/5(c). The inalterable nature of biologically unique identifiers presents a heightened risk when an individual's biometrics are not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

4.    As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including facial scans.

5.    Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

6.    BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

7.    "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

8.    In BIPA, the Illinois General Assembly identified five distinct activities that may subject private entities to liability:

2

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

a.     possessing biometrics without a proper policy publicly available, 740 ILCS 14/15(a);

b.     collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

c.     selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c);

d.     disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

e.     failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

9.     As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id.*

## PARTIES

10.     Defendant Fenix Internet LLC, is a Delaware corporation.

11.     Plaintiff Jane Doe is a resident of Cook County, Illinois and a citizen of the state of Illinois.

## JURISDICTION AND VENUE

12.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant unlawfully collected, possessed and stored Plaintiff's biometrics as a result of their use of Defendant's website in Illinois. Because of Onlyfans.com's popularity and the scope and magnitude of Defendant's use of biometrics in

3

FILED DATE: 11/5/2021 2:29 PM    2021CH05635

connection with Onlyfans.com, Defendant knew that it would store, profit off of, and otherwise come into possession of Illinois residents' biometrics.

13.     Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County, Illinois, and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County, Illinois.

## COMMON ALLEGATIONS OF FACT

14.     Defendant operates the website Onlyfans.com which is a social media website that features content created by "Content Creators" for access by "Fans" who subscribe to access creators' content.

15.     While content creators can make almost any type of content available for their fan subscribers to access, Onlyfans.com is primarily known for featuring adult content from content creators that visitors to the website can purchase either through a monthly subscription to a specific content creator or by purchasing specific or personally requested content.

16.     As of late 2021, Onlyfans.com featured over 2 million content creator accounts and over 130 million user accounts globally, with the vast majority of its website users located in the United States, including in Illinois.

17.     Onlyfans.com has recorded massive income from its operations, with over $1.2 billion in purchases made by visitors from its content creators just in 2020.[1]

18.     In exchange for hosting its content creators' content and providing a platform for them to sell content to site visitors, Defendant, the United States-based operator of Onlyfans.com, pays a set percentage of the subscription and content purchases made by site visitors to the content

---

[1] www.businessinsider.com/onlyfans-lockdown-boom-transactions-hit-24b-revenue-up-553-2021-4.

4

FILED DATE: 11/5/2021 2:29 PM    2021CH05635

creators.

19.     Because of the adult nature of the majority of the content featured on Onlyfans.com, to become a content creator on Onlyfans.com an individual must go through a registration process which includes verification of their age and identity.

20.     Specifically, to be approved as a content creator Defendant requires that a potential content creator submit a photo of a government ID, in addition to a selfie of them holding the government ID. After submitting their information and necessary photos, content creators are verified within the next 24 to 48 hours.

21.     In addition to Defendant's initial verification process, Defendant also utilizes a "Fast Automated Verification" process for verifying content creators' age and/or identity following the initial verification. This process may be triggered if a content creator's content is flagged for signs of suspicious activity or otherwise as part of Defendant's internal review requirements.

22.     When a content creator uses Defendant's automated verification process they are forwarded to a web portal within the Onlyfans.com website that asks them to submit a selfie of their face. They are then asked to submit a picture of the front and back of a valid government identification document that features their face.

23.     Defendant's automated verification process works by extracting the facial biometrics of the user to create a geometric profile of their face and comparing it to the biometric profile that it extracts from the user's ID document to see if they match. As such, through its automated verification process, Defendant has collected the facial biometrics of thousands of individuals, including Illinois residents.

24.     During the summer of 2021, after receiving complaints globally about a lack of

5

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

sufficient efforts to ensure that content creators were not minors, Onlyfans.com undertook a mass age/identity verification campaign that required many of its content creators that were selling paid content on its Onlyfans.com platform to re-verify their age and identity through its automated biometric identity verification process. Content creators had to undergo the verification process before they could sell any more content or even withdraw any fund balances on their Onlyfans.com account.

25.     However, while thousands of content creators located in Illinois, including Plaintiff and the other members of the Class, had to undergo Defendant's facial biometric verification process, Defendant failed to make publicly available a valid written policy as to its retention and deletion practices regarding the biometrics it gathered.

26.     Furthermore, as the entity that collects funds from purchases made on its website and distributes earnings to its content creators, Defendant unlawfully profited from the facial biometrics it obtained from Plaintiff and the other members of the Class since due to the nature of the content that Defendant was hosting on its website Defendant necessarily relied on obtaining Plaintiff's and the other Class members' biometrics in order to operate and obtain its revenue.

27.     Critically, Defendant also failed to adequately secure this sensitive biometric data as Defendant's employees had access to content creator's personal data and profiles, including after they were no longer employees.[2]

## FACTS SPECIFIC TO PLAINTIFF JANE DOE

28.     Plaintiff Jane Doe completed the registration and identity verification process to become a content creator on Onlyfans.com in summer 2019.

---

[2] *See* www.vice.com/en/article/4avjvq/former-onlyfans-employees-user-personal-data-security-risk; https://nypost.com/2021/09/30/ex-onlyfans-employees-can-access-users-and-models-personal-info/.

FILED DATE: 11/5/2021 2:29 PM    2021CH05635

29.     Plaintiff has posted paid content available for purchase on Onlyfans.com for the past two years, and would regularly request disbursements of the funds she earned from Onlyfans.com. Plaintiff's pay stubs and 1099 tax forms featured Defendant's name, Fenix Internet, LLC and were sent to her Illinois address during the relevant time period.

30.     Sometime in Summer 2021, Defendant required Plaintiff to re-verify her age/identity through Defendant's automated verification process and was forwarded to a portal within the Onlyfans.com website where she was asked to provide a selfie of her face, along with a picture of her driver's license featuring a photo of her face.

31.     Even though Plaintiff did not wish to submit to Defendant's automated verification process, and kept her profile anonymous as she did not want her personal identity revealed, like many other content creators she was forced to do so if she wished to withdraw any funds that she had earned or to post any additional content for sale.

32.     After Plaintiff submitted a selfie of her face and a picture of her driver's license, Defendant's verification technology verified Plaintiff's identity by extracting her facial biometrics from her selfie, and comparing them to the facial biometrics that it extracted from her driver's license.

33.     Even though Defendant was aware that Plaintiff, like thousands of other members of the Class, was an Illinois residents and subject to the protections of BIPA, Defendant failed to make publicly available a valid written policy as to its retention and deletion practices regarding the biometrics in its possession in violation of Section 15(a).

34.     Furthermore, as the entity that profited from the collection of Plaintiff's biometrics and was only able to continue to legally operate its website by collecting Plaintiff's and the other Illinois Class members' biometrics, Defendant's practices were in violation of Section 15(c) of

7

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

BIPA.

35.     Finally, Defendant violated Section 15(e) of BIPA by having a substandard level of care compared to other entities that store highly sensitive information because it failed to prevent ex-employees from gaining access to the personal data it collected, including, upon information and belief, Plaintiff's biometric information.

36.     Plaintiff, on behalf of herself and the proposed Class defined below, seeks an injunction requiring Defendant to comply with BIPA's statutory requirements, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

37.     Plaintiff brings this action on her own behalf and on behalf of a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801 as defined below:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, profited from, or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period.

38.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

39.     There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

40.     Plaintiff's claims are typical of the claims of the Class she seeks to represent because the bases of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

8

FILED DATE: 11/5/2021 2:29 PM    2021CH05635

41.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.     Whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents;

b.     Whether Defendant has a publicly available policy regarding its storage, retention, and deletion policies of biometrics;

c.     Whether Defendant profits from biometrics obtained from members of the Class;

d.     Whether Defendant exercised a reasonable standard of care in regards to the biometric information that it collected, captured, stored, disseminated, transmitted or otherwise used;

e.     Whether Defendant's conduct violates BIPA;

f.     Whether Defendant's BIPA violations are willful or reckless; and

g.     Whether Plaintiff and the Class are entitled to damages and injunctive relief.

42.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

43.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

44. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
**(On behalf of Plaintiff and the Class)**

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Defendant is a private entity under BIPA.

47. As discussed above Plaintiff and the other Class members have had their "biometric identifiers," namely their facial biometrics, collected, captured, stored, disseminated, transmitted or otherwise used by Defendant as a result of interacting with Onlyfans.com's biometric identity verification process.

48. Section 15(a) of BIPA requires any entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

49. Though Defendant has come into possession of Plaintiff's and other Class members' facial biometric identifiers and/or information, it has failed to make publicly available any policy addressing its biometric retention and destruction practices.

10

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

50.    As a result, Defendant has violated Section 15(a) of BIPA.

51.    Defendant, an entity that was headquartered in Illinois, knew, or was reckless in not knowing, that its utilization of a biometric identity verification process which Plaintiff and thousands of Illinois residents interacted with would be subject to 15(a) of BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

52.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

53.    Defendant's violations of Section 15(a) of BIPA, which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA.

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiff as class representative, and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

FILED DATE: 11/5/2021 2:29 PM  2021CH05635

    f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

    g.    Awarding pre- and post-judgment interest, as allowable by law; and

    h.    Awarding such further and other relief as the Court deems just and equitable.

## COUNT II
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(c)
### (On behalf of Plaintiff and the Class)

54.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55.    Defendant is a private entity under BIPA.

56.    As discussed above Plaintiff and the other Class members have had their "biometric identifiers," namely their facial biometrics, collected, captured, stored, disseminated, transmitted or otherwise used by Defendant as a result of interacting with Onlyfans.com's biometric identity verification process.

57.    Section 15(c) of BIPA prohibits any private entity in possession of biometrics, such as Defendant, from selling, leasing, trading, or otherwise profiting from such biometrics. 740 ILCS 14/15(c).

58.    As alleged herein, Defendant profited from the facial biometrics it obtained from members of the Class, including Plaintiff, as Defendant obtained Plaintiff's and the other Class members' facial biometric for the sole purpose of being able to feature paid content and distribute funds to content creators like Plaintiff.

59.    Accordingly, Defendant has violated Section 15(c) of BIPA.

60.    Defendant knew, or was reckless in not knowing, that its biometric identity verification process would be subject to the provisions of Section 15(c) of BIPA, a statutory provision in effect since 2008, yet failed to comply with the statute.

FILED DATE: 11/5/2021 2:29 PM    2021CH05635

61.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

62.     Defendant's violations of Section 15(c) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(c) of BIPA.

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

    a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

    d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

    e.  Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

    f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

    g.  Awarding pre- and post-judgment interest, as allowable by law; and

    h.  Awarding such further and other relief as the Court deems just and equitable.

FILED DATE: 11/5/2021 2:29 PM    2021CH05635

**COUNT III**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(e)**
**(On behalf of Plaintiff and the Class)**

63.　　Plaintiff incorporates the foregoing allegations as if fully set forth herein.

64.　　Defendant is a private entity under BIPA.

65.　　As discussed above Plaintiff and the other Class members have had their "biometric identifiers," namely their facial biometrics, collected, captured, stored, disseminated, transmitted or otherwise used by Defendant as a result of interacting with Onlyfans.com's biometric identity verification process.

66.　　Section 15(e) of BIPA requires that any private entity in possession of biometrics, such as Defendant, maintain a reasonable standard of care for storing, transmitting, and protecting such sensitive information from disclosure. 740 ILCS 14/15(c).

67.　　As alleged herein, Defendant failed to maintain a reasonable standard of care with regards to the biometrics it obtained from Plaintiff and the other members of the Class as Defendant permitted former employees to maintain access to their employee accounts and the ability to access content creators' data, including Plaintiff's and the Class' biometric information.

68.　　Accordingly, Defendant has violated Section 15(e) of BIPA.

69.　　Defendant knew, or was reckless in not knowing, that its biometric identity verification process would be subject to the provisions of Section 15(e) of BIPA, a statutory provision in effect since 2008, yet failed to comply with the statute.

70.　　BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

71.　　Defendant's violations of Section 15(e) of BIPA, a statutory provision that has been

14

FILED DATE: 11/5/2021 2:29 PM  2021CH05635

in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(e) of BIPA.

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 5, 2021

Respectfully submitted,

JANE DOE, individually and on behalf of similarly situated individuals

By: _/s/ Eugene Y. Turin_____
*One of Plaintiff's Attorneys*

15

FILED DATE: 11/5/2021 2:29 PM   2021CH05635

Eugene Y. Turin
Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

FILED DATE: 11/8/2021 9:58 AM    2021CH05635

FILED
11/8/2021 9:58 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05635

15508074

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JANE DOE, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 2021-CH-05635 |
| v. | ) ) ) | Hon. Allen P. Walker |
| FENIX INTERNET LLC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) | |
| | ) | |

## <u>NOTICE OF MOTION</u>

To:

FENIX INTERNET, LLC
c/o Castle Pines, Inc.
501 Silverside Road, Suite 87
Wilmington, DE 19809

On March 8, 2022 at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Allen P. Walker or any Judge sitting in that Judge's stead, in courtroom 2402, located at the Richard J. Daley Center, 50 W. Washington St., Chicago, Illinois 60602, and present *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery*.

| | | | |
|---|---|---|---|
| **Name:** | McGuire Law, P.C. | **Attorney for:** | Plaintiff |
| **Address:** | 55 W. Wacker Dr., 9th Fl. | **City:** | Chicago, IL 60601 |
| **Telephone:** | (312) 893-7002 | **Firm ID**.: | 56618 |

FILED DATE: 11/8/2021 9:58 AM   2021CH05635

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on November 8, 2021, a copy of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery was sent to Defendant's Registered Agent by way of first class mail by depositing the same in a United States Mailbox.

/s/ Eugene Y. Turin
Eugene Y. Turin, Esq.

FILED DATE: 11/8/2021 9:58 AM   2021CH05635

FILED
11/8/2021 9:58 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05635

15508074

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of similarly situated individuals, ) | |
| ) | No. 2021-CH-05635 |
| *Plaintiff*, ) | |
| ) | Hon. Allen P. Walker |
| v. ) | |
| ) | |
| FENIX INTERNET LLC., a Delaware corporation, ) | |
| ) | |
| *Defendant.* ) | |

---

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Jane Doe, by and through her undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of her Motion, Plaintiff submits the following Memorandum of Law.

Dated: November 8, 2021                Respectfully Submitted,

                                       JANE DOE, individually and on behalf of a Class
                                       of similarly situated individuals

                                       By: /s/ Eugene Y. Turin
                                       *One of Plaintiff's Attorneys*

1

FILED DATE: 11/8/2021 9:58 AM   2021CH06635

Eugene Y. Turin
Colin P. Buscarini
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

FILED DATE: 11/8/2021 9:58 AM   2021CH06635

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
<u>A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY</u>**

This Court should certify a class of Illinois residents whose biometrics were obtained by Fenix Internet, LLC ("Defendant") in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Defendant operates Onlyfans.com, an internet platform that allows "Content Creators" to post adult content for sale by visitors to Defendant's website, "Fans". Due to the nature of the content hosted on Defendant's website, Defendant has implemented an automated age and identification verification system for its content creators that relies on facial biometrics. In doing so, Defendant has violated BIPA because it failed to make publicly available a valid policy regarding its retention and deletion policies for the biometrics it obtained, profited from Plaintiff's and the other class members' biometrics, and failed to exercise reasonable standards of care in securing the biometrics that it has obtained. After Plaintiff learned of Defendant's wrongful conduct, she brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's use of their biometrics in violation of BIPA, and to obtain redress for all persons injured by its conduct.

I.      <u>INTRODUCTION: BIPA</u>

The Illinois Biometric Information Protection Act is designed to protect individuals' biometrics. "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296. Under BIPA, biometric identifiers include handprints, fingerprints and voiceprints; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶¶ 1, 6–7.)

3

FILED DATE: 11/8/2021 9:58 AM   2021CH06635

In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a); Compl., ¶ 8. In addition, BIPA also prohibits private companies from selling, leasing, trading, or otherwise profiting from a person's biometric identifier or biometric information. 740 ILCS 14/15(c); Compl., ¶ 8. BIPA also requires that any entities that are in possession or otherwise use biometrics exercise reasonable care in securing the biometrics. 740 ILCS 14/15(e); Compl., ¶ 8.

## II.     FACTUAL BACKGROUND

### A.     The Underlying Misconduct.

Defendant operates the website Onlyfans.com which is a social media website that features content created by "Content Creators" for access by "Fans" who subscribe to access creators' content. (Compl., ¶ 14.) While content creators can make almost any type of content available for their fan subscribers to access, Onlyfans.com is primarily known for featuring adult content from content creators that visitors to the website can purchase either through a monthly subscription to a specific content creator or by purchasing specific or personally requested content. (*Id.* at ¶ 15.) Defendant, the United States-based operator of Onlyfans.com, pays a set percentage of the subscription and content purchases made by site visitors to the content creators. (*Id.* at ¶ 18.) Critically, because of the nature of the content hosted by Defendant, Defendant has to take steps to verify its content creators' ages and identities. (*Id.* at ¶¶ 19, 21, 24.) One of the processes by which Defendant requires its content creators to do this is by going through a web portal on its website which asks them to submit a selfie of their face. (*Id.* at ¶ 22.) They are then asked to submit

FILED DATE: 11/8/2021 9:58 AM    2021CH06635

a picture of the front and back of a valid government identification document that features their face. (Compl., ¶ 22.) The automated verification process then extracts the facial biometrics of the user to create a geometric profile of their face and compares it to the biometric profile that it extracts from the user's ID document to see if they match. (*Id.*) As such, through its automated verification process, Defendant has collected the facial biometrics of thousands of individuals, including Illinois residents. (*Id.*) Recently, in the summer of 2021, due to increased public scrutiny, Onlyfans.com undertook a mass age/identity verification campaign that required many of its content creators that were selling paid content on its Onlyfans.com platform to re-verify their age and identity through its automated biometric identity verification process. (*Id.* at ¶ 24.)

However, while thousands of content creators located in Illinois, including Plaintiff and the other members of the Class, had to undergo Defendant's facial biometric verification process, Defendant failed to make publicly available a valid written policy as to its retention and deletion practices regarding the biometrics it gathered. (*Id.* at ¶ 25.) Furthermore, as the entity that collects funds from purchases made on its website and distributes earnings to its content creators, Defendant unlawfully profited from the facial biometrics it obtained from Plaintiff and the other members of the Class. (*Id.* at ¶ 26.) Defendant also failed to adequately secure this sensitive biometric data as Defendant's employees had access to content creator's personal data and profiles, including after they were no longer employees. (*Id.* at ¶ 27.)

Plaintiff registered to be a content creator on Onlyfans.com in summer 2019. (*Id.* at ¶ 28.) Sometime in Summer 2021, Defendant required Plaintiff to re-verify her age/identity through Defendant's automated verification process and was forwarded to a portal within the Onlyfans.com website where she was asked to provide a selfie of her face, along with a picture of her driver's license featuring a photo of her face. (*Id.* at ¶ 30.) Even though Plaintiff did not wish to submit to

FILED DATE: 11/8/2021 9:58 AM 2021CH06635

Defendant's automated verification process, and kept her profile anonymous as she did not want her personal identity revealed, like many other content creators she was forced to do so if she wished to withdraw any funds that she had earned or to post any additional content for sale. (Compl., ¶ 31.) After Plaintiff submitted a selfie of her face and a picture of her driver's license, Defendant's verification technology verified Plaintiff's identity by extracting her facial biometrics from her selfie, and comparing them to the facial biometrics that it extracted from her driver's license. (*Id.* at ¶ 32.)

### B.    The Proposed Class

Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, profited from, or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period.

 (*Id.* at ¶ 37.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## III.    <u>ARGUMENT</u>

### A.    Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and

FILED DATE: 11/8/2021 9:58 AM    2021CH06635

citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) The class is so numerous that joinder of all members is impracticable.
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3) The representative parties will fairly and adequately protect the interest of the class.
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties

have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B. The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are thousands of members of the Class. (Compl., ¶ 39.) In addition, given the expansive nature of Defendant's business and the number of content creators located in Illinois, there is little question that there is a significant number of Class members. Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity

FILED DATE: 11/8/2021 9:58 AM   2021CH06635

information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records as Defendant maintains records of all of its content creators, their addresses and contact information, and whether they were subject to biometric identity verification. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.     Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendant collects, captures, or otherwise obtains facial biometrics from Illinois residents who underwent its age/identity verification process; whether Defendant had a valid publicly available policy regarding its retention and deletion of biometric information; whether Defendant profited from Plaintiff's and the other Class members' biometrics; whether Defendant failed to maintain reasonable standards of care for the biometrics that it gathered, whether Defendant's conduct

FILED DATE: 11/8/2021 9:58 AM   2021CH06635

FILED DATE: 11/8/2021 9:58 AM   2021CH06635

violates BIPA; whether Defendant's BIPA violations are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 41.)

As alleged, and as will be shown through obtainable evidence, during the relevant time period Defendant engaged in a common course of conduct by collecting, capturing, storing, and profiting from Class members' facial biometrics without having a valid publicly available policy in place regarding the retention and deletion of the biometrics it collected and without maintaining appropriate care for storing such biometrics. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D.  Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, her facial biometrics were obtained by Defendant through its automated verification process in violation of BIPA. (Compl., ¶¶ 28–35.) Plaintiff's pursuit of this matter against Defendant demonstrates that she will be a zealous advocate

for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E. Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a

11

FILED DATE: 11/8/2021 9:58 AM   2021CH06635

class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.   **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: November 8, 2021                    Respectfully Submitted,

                                           JANE DOE, individually and on behalf of a class of
                                           similarly situated individuals

                                           By: /s/ Eugene Y. Turin
                                           *One of Plaintiff's Attorneys*

FILED DATE: 11/8/2021 9:58 AM   2021CH05635

Eugene Y. Turin
Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 3

FILED DATE: 12/7/2021 11:46 PM  2021CH05635

FILED
12/7/2021 11:46 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05635
Calendar, 3
15863827

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

JANE DOE, individually and on behalf of )
similarly situated individuals, )
                          )
     *Plaintiff*, )
                          )
          v. )
                          )
FENIX INTERNET LLC., a Delaware )
corporation, )
                          )
     *Defendant*. )
                          )

No. 2021-CH-05635

Hon. Allen P. Walker

## NOTICE OF MOTION

To:

FENIX INTERNET, LLC
c/o Castle Pines, Inc.
501 Silverside Road, Suite 87
Wilmington, DE 19809

     On December 13, 2021 at 10:00 a.m. or as soon thereafter as counsel may be heard, I shall

appear before the Honorable Allen P. Walker or any Judge sitting in that Judge's stead, in

courtroom 2402, located at the Richard J. Daley Center, 50 W. Washington St., Chicago, Illinois

60602, and present *Plaintiff's Motion for Leave to File Under Seal and Proceed Under Fictitious

Name*.

| | | | |
|---|---|---|---|
| **Name:** | McGuire Law, P.C. | **Attorney for:** | Plaintiff |
| **Address:** | 55 W. Wacker Dr., 9th Fl. | **City:** | Chicago, IL 60601 |
| **Telephone:** | (312) 893-7002 | **Firm ID.:** | 56618 |

FILED DATE: 12/7/2021 11:46 PM   2021CH05635

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on December 7, 2021, a copy of Plaintiff's

Motion for Leave to File Under Seal and Proceed Under Fictitious Name was sent to Defendant's

Registered Agent by way of first class mail by depositing the same in a United States Mailbox.

/s/ Eugene Y. Turin
Eugene Y. Turin, Esq.

Return Date: No return date scheduled
Hearing Date: 12/13/2021 9:30 AM - 9:35 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, 3

FILED
12/7/2021 11:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05635
Calendar, 3
15863823

FILED DATE: 12/7/2021 11:45 PM   2021CH05635

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| JANE DOE, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) ) | No. 2021-CH-05635 |
| v. | ) ) ) | Hon. Allen P. Walker |
| FENIX INTERNET LLC., a Delaware corporation, | ) ) ) | |
| *Defendant*. | ) ) ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL
### AND PROCEED UNDER FICTITIOUS NAME

Plaintiff Jane Doe, by and through her undersigned counsel, pursuant to 735 ILCS 5/2-401, moves for entry of an order permitting Plaintiff to file an unredacted copy of Plaintiff's Class Action Complaint featuring her legal name under seal and to proceed under a fictitious name. In support of her Motion, Plaintiff states as follows:

1.    On November 5, 2021, Plaintiff filed her class action complaint against Defendant Fenix Internet, LLC, alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA") arising from her use of the website Onlyfans.com. (*See* Complaint, at ¶¶ 30, 32.)[1]

2.    Onlyfans.com is an internet platform that allows content creators, such as Plaintiff, to post adult content for sale to visitors to Defendant's website. (*Id*. at 15.)

3.    Plaintiff Jane Doe's allegations against Defendant pertain to her use of Onlyfans.com that is highly personal and sensitive such that if Plaintiff's true identity is publicly

---

[1] Plaintiff's Class Action Complaint is attached hereto as <u>Exhibit 1</u>.

FILED DATE: 12/7/2021 11:45 PM   2021CH05635

revealed she may suffer significant harm including but not limited to; discrimination, personal and professional harm, and mental and bodily harm.[2]

4.       Due to the potential repercussions of having her private identity revealed, Plaintiff interacts with Onlyfans.com using a fictious name. (Ex. 1 at ¶ 31.)

5.       In light of Plaintiff's privacy concerns, Plaintiff filed her Complaint using a fictitious name and now seeks leave of Court to file an unredacted copy of the Complaint with her actual identity under seal.

6.       Pursuant to 735 ILCS 5/2-401(e), and for good cause shown, Plaintiff also seeks leave to continue to appear under a fictitious name, "Jane Doe," in all further proceedings in this matter.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (1) granting Plaintiff leave to file an unredacted copy of Plaintiff's Complaint under seal; and (2) permitting Plaintiff to proceed in all further proceedings in this matter under a fictitious name.

Dated: December 7, 2021                    Respectfully Submitted,

                                           JANE DOE, individually and on behalf of a class of
                                           similarly situated individuals

                                           By: /s/ Eugene Y. Turin
                                           *One of Plaintiff's Attorneys*

---

[2]  *See, e.g.,* www.buzzfeednews.com/article/otilliasteadman/mechanic-fired-onlyfans-account-indiana (detailing accounts of employees who were found to be content creators on Onlyfans.com and were subsequently subject to sexual harassment and termination); www.insider.com/florida-mom-banned-volunteering-school-over-onlyfans-page-2021-10 (detailing account of a mother who was prohibited from participating in her child's school's PTA meetings after she was found to be a content creator on Onlyfans.com).

FILED DATE: 12/7/2021 11:45 PM   2021CH06635

Eugene Y. Turin
Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

FILED
12/7/2021 11:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05635
Calendar, 3
15863823

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| JANE DOE, individually and on behalf of similarly situated individuals,　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　*Plaintiff,*　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　v.　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>FENIX INTERNET LLC., a Delaware corporation,　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　*Defendant.*　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　) | No. 2021-CH-05635<br><br>Hon. Allen P. Walker |

**DECLARATION OF EUGENE Y. TURIN**

I, Eugene Y. Turin, hereby aver, pursuant to 735 ILCS 5/1-109, that I am fully competent to make this Declaration, have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify to all such matters if called as a witness in this matter.

1.　　　　I am an adult over the age of 18 and a resident of the state of Illinois.

2.　　　　I am an attorney with the law firm McGuire Law, P.C., I am licensed to practice law in the state of Illinois, and I am one of the attorneys representing the Plaintiff in this matter.

3.　　　　I am making this Declaration in support of Plaintiff's *Motion for Leave to File Under Seal and Proceed Under Fictitious Name* being submitted to the Court herewith.

4.　　　　Plaintiff's claims arise from her interactions with the website Onlyfans.com as a content creator on the site.

5.　　　　As noted in Plaintiff's *Motion for Leave to File Under Seal and Proceed Under Fictitious Name*, there are significant dangers in Plaintiff's real identity being revealed in public court documents connected with this litigation given that Onlyfans.com primarily features adult content.

1

FILED DATE: 12/7/2021 11:45 PM   2021CH06635

6.     Specifically, Plaintiff faces the risk of losing her primary job if her actual identity is revealed in relation to this litigation, as well as potential mental and physical harm as a result of both her colleagues, friends, and family identifying Plaintiff, and due to the possibility of users of Onlyfans.com attempting to reach Plaintiff in her personal life. Due to these risks, Plaintiff does not use her actual name on her Onlyfans.com public profile, and takes care to prevent her actual identity from being revealed.

7.     There may be a chilling effect on Plaintiff's ability to proceed with this matter and vindicate hers and the other class members' rights against Defendant if she is not permitted to proceed using a fictitious name.

8.     For these reasons, and those stated in Plaintiff's *Motion for Leave to File Under Seal and Proceed Under Fictitious Name*, there is good cause to grant Plaintiff leave to file an unredacted copy of her Complaint and proceed in this matter using a fictitious name.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 7, 2021 in Chicago, Illinois.

/s/ Eugene Y. Turin
Eugene Y. Turin, Esq.

FILED DATE: 12/7/2021 11:45 PM   2021CH05635

FILED
12/7/2021 11:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05635
Calendar, 3
15863823

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of similarly situated individuals, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>FENIX INTERNET LLC., a Delaware corporation, )<br><br>*Defendant*. ) | No. 2021-CH-05635<br><br>Hon. Allen P. Walker |

### [PROPOSED] ORDER

This matter coming to be heard on Plaintiff's Motion for Leave to File Under Seal and Proceed Under Fictitious Name (the "Motion"), due and adequate notice having been given to the Defendant, and the Court being fully advised in the premises, IT IS HEREBY ORDERED as follows:

1.      Plaintiff Jane Doe is granted leave to file an unredacted copy of her Complaint featuring her actual name under seal with the Clerk of the Court;

2.      Pursuant to 735 ILCS 5/2-401(e), the Court finds that there is good cause for Plaintiff to proceed in all further proceedings in this matter under a fictitious name.

Dated:_____               Entered:


                                            _____
                                            Hon. Allen P. Walker
                                            Circuit Court Judge

1

FILED DATE: 12/7/2021 11:45 PM   2021CH06635

Eugene Y. Turin
Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff*