UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, YOLENE REYES, and DANIEL A. BARTELS, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiffs,<br> v.<br><br>FENIX INTERNET, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. 21-cv-6624<br><br>Hon. Nancy L. Maldonado |

## INITIAL STATUS REPORT FOR REASSIGNED CASES

  Counsel for Plaintiffs Jane Doe, Yolene Reyes, and Daniel A. Bartels and counsel for Fenix Internet LLC have conferred and jointly submit the following Initial Status Report for Reassigned Cases, consistent with this Court's Standing Order and pursuant to the Court's December 29, 2022 Minute Entry.

**I.**   **Nature of the Case**

  **A.**   **Identify the attorneys of record for each party.**

- *Attorneys for Plaintiffs Jane Doe, Yolene Reyes, and Daniel A. Bartels*
  Eugene Y. Turin (lead trial counsel)
  Colin P. Buscarini
  Timothy Kingsbury
  MCGUIRE LAW, P.C.

- *Attorneys for Defendant Fenix Internet LLC*
  Sean G. Wieber (lead trial counsel)
  Patrick R. O'Meara
  WINSTON & STRAWN LLP

  **B.**   **State the basis for federal jurisdiction.**

- Plaintiff Jane Doe filed suit in the Circuit Court of Cook County on November 5, 2021. *See* Dkt. 1-1. Defendant Fenix Internet LLC ("Fenix Internet") was served on November 11, 2021. Fenix Internet filed a Notice of Removal on December 10, 2021, *see* Dkt. 1, asserting that this Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists, the proposed class consists of over 100 members, and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2); 1332(d)(5)(B); 1441; 1446; and 1453(b). More specifically, Defendant asserted that

- minimal diversity exists because Plaintiff Doe alleged that she is a citizen of Illinois, and Fenix Internet, under CAFA, is deemed a citizen of the State where it has its principal place of business and the State under whose laws it is organized—each of which are Delaware. *See* Dkt. 1 at 3. Moreover, Defendant asserted that Plaintiff Doe alleged that there are "thousands of members" of the putative class, Dkt. 1-1, ¶ 39, and the amount in controversy, based on Plaintiff's allegations, exceeds $5 million. Additionally, Fenix Internet complied with the procedural requirements for removal.

- Plaintiffs now contest that this Court has jurisdiction over the claims brought by them pursuant to Section 15(a) and 15(c) of the Illinois Biometric Privacy Act, 745 ILCS 14/15 *et seq.* ("BIPA") as Plaintiffs only allege a violation of Section 15(a) provisions requiring entities to establish publicly-available biometric retention and destruction schedule. Dkt. 24, ¶¶ 60–62. Plaintiffs contend that, pursuant to the Seventh Circuit opinion in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020), such allegations are insufficient to allege an injury under Article III and thus that the claim should be remanded. Similarly, Plaintiffs contend that their 15(c) claims are also subject to remand as Plaintiffs only seek statutory damages. *See Johnson v. Mitek Sys., Inc.*, 55 F.4th 1122 (7th Cir. 2022).

- Plaintiffs did not seek remand or otherwise contest subject matter jurisdiction through the filling of their third complaint or during briefing and oral argument on Defendant's motions to dismiss.[1] Plaintiffs raised this issue for the first time on January 11, 2023, during a meet-and-confer between the Parties in preparation of this status report. Because Plaintiffs first raised this issue on January 11, 2023, the Parties have agreed to engage in discussions as to whether the Parties will stipulate to remand or will otherwise propose a briefing schedule to the Court once they have finished their meet-and-confer on the issue.

### C. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

- Plaintiffs allege four violations of BIPA, 740 ILCS 14/15. First, all Plaintiffs allege that Fenix Internet violated Section 15(a) of BIPA by "fail[ing] to make publicly available a valid written policy as to its retention and deletion practices regarding the biometrics in its possession." Dkt. 24, ¶¶ 31, 57–66. Second, Plaintiff Bartels alleges that Fenix Internet violated Section 15(b) of BIPA by obtaining his and the other class members' "biometric identifiers" without their "informed written consent." *Id.* ¶¶ 32, 67–76. Third, all Plaintiffs allege that Fenix Internet violated Section 15(c) of BIPA by "profit[ing] from the facial biometrics it obtained from Plaintiffs and the other members of the Class . . . since due to the nature of the content that Defendant was hosting on its website Defendant necessarily relied on obtaining Plaintiffs' and the other Class members' biometrics in order to operate and obtain its revenue." *Id.* ¶¶ 33, 77–86. Finally, all Plaintiffs allege that Fenix Internet

---

[1] Following removal, on February 2, 2022, a First Amended Complaint was filed on behalf of Jane Doe, Devynn Dominguez, Yolene Reyes, and Darlene Bennett against Fenix Internet. *See* Dkt. 18. On April 21, 2022, a Second Amended Complaint was filed on behalf of Jane Doe, Yolene Reyes, and Daniel A. Bartels against Fenix Internet. *See* Dkt. 24. Defendant's motions to dismiss became fully briefed on August 31, 2022, and the Court heard oral argument on the motions on September 22, 2022. *See* Dkts. 37–39.

"violated Section 15(e) of BIPA by having a substandard level of care … because it failed to prevent ex-employees from gaining access to the personal data it collected, including, upon information and belief, Plaintiffs' biometric information." *Id.* ¶¶ 35, 87–96.

- Plaintiff Bartels also alleges violations of Illinois' Right of Publicity Act, 765 ILCS 1075/1 *et seq.* ("IRPA") for Defendant's sale of media content that featured his likeness without consent. *Id.* ¶¶ 34, 97–103.

- Plaintiffs seek to bring these claims on behalf of a putative class and two putative subclasses: a "Class" of all "Illinois residents whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, profited from, or otherwise used by or on behalf of [Fenix Internet]"; a "15(b) Subclass" of such individuals who were not content creators; and an "IRPA Subclass" of such individuals who appeared in paid content sold by Defendant but were not content creators. *Id.* ¶ 49.

      **D.**    **Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

- For each alleged violation of BIPA, Plaintiffs seek statutory damages, pre-and-post judgment interest, and injunctive and equitable relief "as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA." *Id.* ¶¶ 66, 76, 86, 96. For each alleged violation of IRPA, Plaintiff Bartels seeks the greater of (1) actual damages and/or profits or (2) statutory damages, and pre-and-post judgment interest. *Id.* ¶ 103.

      **E.**    **List the names of any parties who have not yet been served.**

- All Parties have been served.

**II.**    **Discovery and Pending Motions**

      **A.**    **Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

- On June 3, 2022, Fenix Internet filed motions to dismiss seeking the following:
  - dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction because Fenix Internet lacks the requisite contact with Illinois to be subject to this suit in this Court (*see* Dkt. 27);
  - alternatively, dismissal of all claims pursuant to the doctrine of forum non conveniens, as Plaintiffs Doe and Reyes decided to use OnlyFans to sell content, and Plaintiff Bartels registered for an account and purchased content on OnlyFans, and in doing so each agreed to the OnlyFans Terms of Service, which specify that any dispute arising out of their use of the website shall be brought exclusively in the courts of England or Wales (*see* Dkt. 29); and
  - alternatively, dismissal of the following claims pursuant to Fed. R. Civ. P. 12(b)(6)

3

for failure to state a claim (*see* Dkt. 27): Plaintiff Bartels's IRPA claim (Count V) because (i) it is not adequately pleaded, (ii) it is preempted by the Copyright Act, (iii) it is it is barred by the statute of limitations, and (iv) it is barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1); Plaintiffs' BIPA Section 15(c) claim (Count III) because Plaintiffs' legal theory underlying this claim does not fall within the purview of the statute; and Plaintiffs' BIPA claims based on the Third-Party Content Review System (Count II in its entirety, and Counts I, III, and IV in part) because the claim is based on conclusory allegations and not plausibly alleged.

- Plaintiffs filed an opposition to each of Fenix Internet's motions to dismiss on July 27, 2022. *See* Dkts. 33 & 34. Fenix Internet filed a reply in support of each of its motions to dismiss on August 31, 2022. *See* Dkts. 37 & 38. The Court heard oral argument on the motions on September 7, 2022. *See* Dkt. 39.

### B. What is the current discovery schedule?

- The Parties have conferred and agree that discovery should not proceed in this matter until the Court has ruled on the dispositive issues in the Motions to Dismiss. The Parties respectfully request to submit a proposed scheduling order to the Court, if the issue is not mooted, within 30 days of the Court's ruling on the Motions to Dismiss.

### D. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.

- By agreement of the parties, no discovery has yet occurred in this matter.

### E. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)

- There have been no substantive rulings issued by the Court at this time.

### F. Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.

- Pursuant to Section I.B above, to the extent the Parties do not reach a stipulated resolution, Plaintiffs anticipate moving to remand their 15(a) and 15(c) claims. Plaintiffs also anticipate moving for class certification following discovery to the extent that Plaintiffs' claims are allowed to proceed.

- To the extent Plaintiff Doe remains a party, Fenix Internet anticipates filing a motion opposing Plaintiff Doe from continuing to proceed under a pseudonym. To the extent Plaintiffs move for class certification, Fenix Internet anticipates opposing such motion. Additionally, unless mooted by the Court's ruling on the pending motions to dismiss, Fenix Internet intends to file a motion for summary judgment following discovery.

**III.** <u>**Trial**</u>

  **A.**  **Have any of the parties demanded a jury trial?**

- Plaintiffs and Defendant have demanded a trial by jury.

  **B.**  **What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

- There is no trial date currently set. Unless mooted by the Court's ruling on the pending motions to dismiss, the Parties anticipate that this case will be ready for trial following merits and class discovery, and rulings on all anticipated motions, to the extent necessary, no earlier than July 2024.

  **C.**  **Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**

- The Parties have not filed a final pretrial order. There is currently no deadline for doing so.

  **D.**  **Estimate the number trials days.**

- Should all claims proceed to trial, the Parties estimate that a trial would take 5 to 10 days.

**IV.** <u>**Settlement, Referrals, and Consent**</u>

  **A.**  **Have any settlement discussions taken place? If so, what is the status?**

- On January 26, 2022, the Parties conducted an initial in-person Rule 408 conference through counsel. Resolution was not reached, and no further discussions are scheduled.

  **B.**  **Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

- This case has not been referred to a magistrate judge for discovery supervision or settlement conference.

  **C.**  **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

- The Parties do not request a settlement conference at this time.

  **D.**  **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?**

- The Parties do not consent to proceed before a magistrate judge for all purposes.

Dated: January 16, 2023

By: *s/ Eugene Y. Turin*
Eugene Y. Turin
Colin P. Buscarini
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

Respectfully submitted,

By: *s/ Sean G. Wieber*
Sean G. Wieber
Patrick R. O'Meara
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
swieber@winston.com
pomeara@winston.com

*Attorneys for Defendant Fenix Internet LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2023, I filed the foregoing document using the CM/ECF system and caused it to be served on counsel for Plaintiff.

By: *s/ Eugene Y. Turin*

Eugene Y. Turin
McGuire Law, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002
eturin@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*