IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLENE REYES and ALEXANDRA KESICH, | ) |
| | ) |
| Plaintiffs, | ) No. 21-cv-6624 |
| | ) |
| v. | ) Judge Lefkow |
| | ) |
| FENIX INTERNET LLC, *et al.*, | ) Magistrate Judge Gilbert |
| | ) |
| Defendants. | ) |

**MOTION TO FILE SURREPLY MEMORANDUM**

Plaintiffs and their counsel respectfully seek leave to file, on the pending Motion for Rule 11 Sanctions of defendant Fenix Internet (FI), the four-page Surreply Memorandum attached as Exhibit A. In support of this motion, Plaintiffs state:

1. The Surreply is necessary to address an argument of Fenix Internet's Reply Memorandum that was never made in any previous FI communication or brief. The argument is that because there is another defendant named in the Third Amended Complaint, *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015), forbade plaintiffs from using Rule 41(a)(1)(A)(i) to dismiss FI without prejudice, and instead required them to file an amended complaint dropping FI. By failing to use this procedure, FI argues, plaintiffs failed to "withdraw" the jurisdictional allegations against FI. FI Reply Memorandum at 2, 10-11.

2. This argument is utterly new. First, it wasn't mentioned in FI's safe harbor letter. Second, when plaintiffs filed their Rule 41(a)(1) Notice of Dismissal and the Court ordered FI dismissed without prejudice, FI didn't tell plaintiffs, or file a motion telling the Court, that *Taylor* made the dismissal of FI alone ineffective to withdraw the claim. Third, when FI filed its Rule 11 Motion and supporting Memorandum of Law, it didn't cite *Taylor* or its holding, and stated that

the Rule 41(a)(1)(A)(i) dismissal *had been effective* for certain Rule 11 safe-harbor purposes. Motion at 1-2. The *Taylor* argument was raised for the first time in FI's Reply Memorandum filed last week.

3. The decision whether to grant a motion for leave to file a surreply is within the Court's discretion. *Johnny Blastoff, Inc. v. L.A. Rams*, 188 F.3d 427, 439 (7th Cir. 1999). Such leave is appropriate when a surreply "responds to a new issue." *R3 Composites Corp. v. G&S Sales Corp.*, 2020 U.S. Dist. LEXIS 190283, *4 (N.D.Ind. Oct. 20, 2020). Fairness requires that plaintiffs and their counsel be given an opportunity to address FI's new argument. The attached four-page Surreply does so. It is strictly limited to the new argument raised by FI.

                                                              Respectfully submitted,

                                                              /s/ George F. Galland, Jr.
                                                              George F. Galland, Jr.
                                                              Attorney for Plaintiffs' Counsel as
                                                              Respondents to FI's Rule 11 motion

George F. Galland, Jr.
ggalland@lawmbg.com
Paul Balik
pbalik@lawmbg.com
Miner, Barnhill & Galland, P.C.
325 N. LaSalle St., Ste. 350
Chicago, IL 60654
(312) 751-1170

                                                              /s/ Eugene Y. Turin
                                                              Eugene Y. Turin
                                                              One of the Attorneys for Plaintiffs

Eugene Y. Turin
eturin@mcgpc.com
Colin P. Buscarini
cbuscarini@mcgpc.com
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
(312) 893-7002

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLENE REYES and ALEXANDRA KESICH, ) | |
| ) | |
| Plaintiffs, ) | No. 21-cv-6624 |
| ) | |
| v. ) | Judge Lefkow |
| ) | |
| FENIX INTERNET LLC, *et al.*, ) | Magistrate Judge Gilbert |
| ) | |
| Defendants. ) | |

**SURREPLY MEMORANDUM OF PLAINTIFFS AND THEIR COUNSEL
IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

This Surreply addresses an argument in the Reply Memorandum of Fenix Internet ("FI") that has never appeared in any previous FI communication or brief. FI's Motion and supporting Memorandum argued that Plaintiffs' voluntary dismissal of FI under Rule 41(a)(1)(A)(i) was insufficient to "withdraw" the jurisdictional allegations on which the claim was based. For that argument, the Motion offered one brief paragraph citing just one case, *Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011), while the Memorandum offered an even shorter paragraph citing no case, not even *Nelson*. In response, Plaintiffs showed that (1) as a matter of common sense, dismissing FI "withdrew" the allegations on which the claim was based; (2) no authority supports FI's argument, and *Nelson* is inapposite; (3) if FI wanted action beyond dismissal, it had to ask for it; and (4) it would be pointless to require Plaintiffs to take action beyond dismissal. Plaintiffs' Opposition Brief (Dkt. 91, hereafter "Pls. Opp."), at 9-11.

FI's Reply offers a brand new safe-harbor argument. Citing *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015), FI argues that Rule 41(a)(1) can't be used to dismiss fewer than all parties. FI says that *Taylor* required Plaintiffs instead to amend the Third Amended Complaint ("TAC") to drop FI, and that by not doing so, Plaintiffs failed to "withdraw" the jurisdictional allegations against it. FI Reply at 2, 10-11. This assertion was unmentioned in FI's safe-harbor

Exh. A

letter, which demanded only that FI be dismissed and said nothing about amending the TAC. When Plaintiffs filed their Notice of Dismissal and the Court ordered FI dismissed without prejudice, FI didn't tell Plaintiffs, or the Court, that *Taylor* forbade that procedure. Instead, it filed a Rule 11 Motion that (1) didn't cite *Taylor*; (2) didn't argue that Rule 41(a) required dismissing the whole complaint; (3) said the dismissal demand didn't apply to any other defendant; and (4) stated the Rule 41(a)(1)(A)(i) dismissal *had been effective* for certain safe-harbor purposes:

> Plaintiffs filed a notice of voluntary dismissal without prejudice of Fenix Internet under Rule 41(a)(1), which the Court entered. Dkts. 73, 74. In light of that dismissal, FI no longer seeks sanctions on the grounds set forth in Argument Section I of the MOL – namely, that "Plaintiffs' assertion of personal jurisdiction over FI is legally frivolous."

Motion (Dkt. 75) at 1-2. The *Taylor* argument was first raised in FI's Reply Brief filed last week.

Parties invoking Rule 11 should take care to avoid new arguments in reply briefs. As will now be discussed, the new argument has been waived, and has no merit in any case.

**1. The *Taylor* argument has been waived and is untimely in any case.** The *Taylor* procedure for dismissing fewer than all defendants can be waived, and often is. In this Circuit, a Rule 41(a)(1)(A)(i) Notice of Dismissal is often used, without objection, to dismiss without prejudice fewer than all defendants – as counsel for FI well knows.[1] This Court's order dismissing FI after the Notice of Dismissal noted that the case continued against another defendant (Dkt. 74). The reason defendants often waive insistence on the *Taylor* procedure is that dismissing the whole complaint without prejudice, then filing a new complaint omitting one

---

[1] Counsel for FI who filed this Motion is no stranger to this practice, having repeatedly raised no objection to voluntary dismissals, pursuant to Rule 41(a)(1)(A), of fewer than all defendants. *See, e.g., Cabrera v. Ledger SAS et al.*, No. 24-cv-182, Dkts. 22, 24 (N.D.Ill.) (dismissing a single defendant pursuant to a Notice of Voluntary Dismissal filed pursuant to Rule 41(a)(1)(A)(i) without dismissing the whole action); *see also Nextraq, LLC v. Omnitracs, LLC*, No. 22-cv-6720, Dkts. 28, 29 (N.D.Ill.) (dismissing a single claim pursuant to a Notice of Voluntary Dismissal without dismissing the whole action).

2

of the defendants, is clumsy and time-consuming for both sides, while a Rule 41(a)(1)(A)(i) Notice of Dismissal uses just one piece of paper to do what Rules 41(a)(1)(A) and (B) give plaintiffs the absolute right to do—dismiss, without prejudice and without leave of court, a party who hasn't yet answered.

In this case, FI *doubly* waived the right to insist on the *Taylor* procedure. First, when Plaintiffs filed their Notice of Dismissal, and the Court ordered FI dismissed without prejudice, FI could have objected and asked the Court to require the *Taylor* procedure, but didn't. Second, FI didn't raise the *Taylor* argument in its opening brief. "[A]rguments not raised in opening brief are waived." *Satanic Temple, Inc. v. City of Chicago*, 2024 U.S. Dist. LEXIS 58859, *41 (Lefkow, J.), *citing Accident Fund Ins. Co. of Am. v. Custom Mech. Constr.,* 49 F.4th 1100, 1108 (7th Cir. 2022).

The *Taylor* argument is also untimely, because it amounts to a back-door request for the Court to reconsider its August 28, 2024 dismissal of FI. "When reviewing a motion to reconsider, the Court should consider if it was brought in a timely manner and whether the other parties would be unfairly prejudiced by granting the motion." *Cole v. Meeks,* 2019 U.S. Dist. LEXIS 32557, *5-6 (N.D.Ill. 2019). The Court's dismissal order was entered nearly three months before FI raised its *Taylor* argument last week. That delay prejudiced Plaintiffs. Had *Taylor* been raised at the time of the dismissal, they could have redone the dismissal through the *Taylor* route. That would have satisfied FI's newly-discovered view of Rule 11(c)(2) and spared Plaintiffs the expense of responding to a Rule 11 motion (and spared the Court the burden of deciding it). Situations like this one show why a party seeking Rule 11 sanctions has a duty to mitigate. *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir. 1988).

2. ***Taylor* is irrelevant to Plaintiffs' main points.** First, *Taylor* says nothing about Plaintiffs' main point: dismissing a defendant "withdraws" the allegations supporting the

3

dismissed claim for Rule 11 purposes. With FI's citation of *Nelson* discredited (*see* Pls. Opp. at 7-8), FI's Reply cites no authority that disagrees with that common-sense contention. Second, *Taylor* is likewise irrelevant to Plaintiffs' points that if FI wanted action beyond dismissing the claim against it, it had to ask for it, and that Plaintiffs didn't need to dismiss FI with prejudice to satisfy Rule 11(c)(2). Opp. at 7 and at 5, *citing Browne v. Hearn,* No. 2:22-cv-368-JVB-APR, 2023 U.S. Dist. LEXIS 67507, at *4 (N.D.Ind. April 18, 2023).

Third, FI's belated invocation of *Taylor* never says what it would have gained had Plaintiffs used the *Taylor* procedure to dismiss FI. It seems to argue that it is damaged by the fact that Plaintiffs *may* name FI again following the Court's disposition of the present Motion. But Plaintiffs would have had that option had they had followed the *Taylor* procedure by dismissing the whole TAC under Rule 41(a)(1)(A)(i) and had immediately refiled against the other defendant. FI does not argue that the fact of the unamended TAC remaining on file causes it damage. Nor could it. Every day in multi-plaintiff cases, claims against fewer than all defendants are dismissed. Even when these claims presented devastating allegations (not just the anodyne jurisdictional allegations at issue here), no one demands the plaintiff file an amended pleading no longer containing those allegations.

## CONCLUSION

FI's new *Taylor* argument has been waived, is untimely, and is irrelevant to Plaintiffs' showing that they met Rule 11(c)(2)'s safe harbor provision.

Respectfully submitted,

/s/ George F. Galland, Jr.
George F. Galland, Jr.
Attorney for Plaintiffs' Counsel as
Respondents to FI's Rule 11 motion

4

George F. Galland, Jr.
ggalland@lawmbg.com
Paul Balik
pbalik@lawmbg.com
Miner, Barnhill & Galland, P.C.
325 N. LaSalle St., Ste. 350
Chicago, IL 60654
(312) 751-1170

                                          /s/ Eugene Y. Turin
                                          Eugene Y. Turin
                                          One of the Attorneys for Plaintiffs

Eugene Y. Turin
eturin@mcgpc.com
Colin P. Buscarini
cbuscarini@mcgpc.com
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
(312) 893-7002