IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLENE REYES and ALEXANDRA KESICH, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 21-cv-6624<br>) |
| v. | ) Judge Joan H. Lefkow<br>) |
| CYBERTANIA, INC., *et al.*, | )<br>) |
| Defendants. | )<br>)<br>) |

## OPINION AND ORDER

Before the court is former defendant Fenix Internet's motion for sanctions, pursuant to Federal Rules of Civil Procedure 11(b)(2) and 11(b)(3), against plaintiffs Yolene Reyes and Alexandra Kesich, the attorney who signed plaintiffs' Third Amended Complaint, and the signing attorney's firm, McGuire Law, P.C. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiffs Yolene Reyes and Alexandra Kesich ("plaintiffs") are content creators for the Onlyfans.com platform ("OnlyFans"), a website "primarily known for featuring adult content from content creators" that is available for purchase by website users. (Dkt. 63 at ¶ 30.) Plaintiffs filed the underlying putative class action on behalf of other OnlyFans content creators against Fenix Internet, LLC ("Fenix Internet"), a payment processor for OnlyFans. Plaintiffs allege that Fenix Internet violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/15(a)–(e), by facilitating and financially benefiting from an automated age verification process that required the collection of plaintiffs' biometric information.

Plaintiffs initially filed this case in November 2021 in the Circuit Court of Cook County, Illinois. Fenix Internet removed the action to this court on December 10, 2021. On January 31, 2022, Fenix Internet moved to dismiss for lack of personal jurisdiction, among other reasons. Plaintiffs filed a First Amended Complaint on February 22, 2022, mooting the motion to dismiss. After seeking leave from the court, plaintiffs filed the Second Amended Complaint on April 21, 2022.

Fenix Internet moved to dismiss the Second Amended Complaint for lack of personal jurisdiction, for failure to state a claim, and under the doctrine of forum non conveniens. The court dismissed the Second Amended Complaint without prejudice, finding that it lacked personal jurisdiction over Fenix Internet. Plaintiffs had failed to present any evidence to counter Fenix Internet's declarations that it is based in Delaware and is not involved in the biometric data collection relevant to this litigation. The court concluded that "it is apparent … that Plaintiffs have sued the wrong entity, and their BIPA and IPRA claims based on the collection of their biometric data implicate Fenix Internet's parent, Fenix International [Limited]." *Doe* v. *Fenix Internet, LLC*, No. 1:21-CV-06624, 2024 WL 2845961, at *7 (N.D. Ill. June 5, 2024). While the court permitted plaintiffs to amend the complaint within 30 days, the court emphasized that such amendment must be grounded in a good-faith basis. *Id*. ("Plaintiffs should only file a further amended complaint if they have a good faith basis to believe they can name a proper defendant and if they can satisfy personal jurisdiction and venue as to such defendant … .").[1] Plaintiffs timely filed a Third Amended Complaint on July 6, 2024. Plaintiffs again named Fenix Internet

---

[1] Fenix Internet points out a difference in language between the court's opinion and the minute entry summarizing the opinion. The minute entry reads, "As detailed in the Order, Plaintiffs are given leave to file a Third Amended Complaint within 30 days of this order, if they believe they have a good faith basis to name *another* proper defendant for whom personal jurisdiction and venue are proper." (Dkt. 60) (emphasis added). When there is a difference between a court's opinion and the minute entry, the opinion controls. *Bailey* v. *United States*, 566 F. App'x 512, 514 (7th Cir. 2014) ("[D]ocket entries are made by clerks, who rely on what the judge says. A docket entry is subordinate to a judgment … .").

as a defendant and made additional jurisdictional allegations. Subsequently, Fenix Internet served plaintiffs' counsel with an unsigned Fed. R. Civ. P. 11 ("Rule 11") motion on August 8, 2024, demanding that plaintiffs "dismiss their claim against Fenix Internet with prejudice" or risk a motion for sanctions pursuant to Rule 11. (Dkt. 91 at 17.)

On August 28, 2024, within the 21-day safe harbor period under Fed. R. Civ. P. 11(c)(2), plaintiffs filed a notice of voluntary dismissal of Fenix Internet without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) ("Rule 41(a)"). The same day, the court entered an order stating, "Pursuant to the notice of voluntary dismissal [73], defendant [Fenix Internet] only is dismissed without prejudice and terminated." (Dkt. 74.) Fenix Internet filed the instant motion for sanctions two days later.

Despite plaintiffs' voluntary dismissal of Fenix Internet using Rule 41(a), Fenix Internet argues that sanctionable conduct remains unaddressed, and the voluntary dismissal therefore does not shield plaintiffs from Rule 11 sanctions. Specifically, because plaintiffs did not file an amended complaint removing all allegations related to Fenix Internet (many of which Fenix Internet asserts plaintiffs knew to be false), Fenix Internet argues that plaintiffs failed to properly dismiss the action within the safe harbor period. In their response, plaintiffs assert that sanctions are precluded by their compliance with the safe harbor letter, and that, even if their voluntary dismissal was insufficient, their jurisdictional allegations were made in good faith. In Fenix Internet's reply, it continues to challenge the veracity of the jurisdictional allegations and asserts, for the first time, that Rule 41(a) does not permit plaintiffs to dismiss one defendant without dismissing the entire action. To address these arguments, plaintiffs were granted leave to file a sur-reply in which they argue that Fenix Internet waived its Rule 41(a) arguments and that the caselaw on which Fenix Internet relies is silent on plaintiffs' point that dismissing a defendant

3

"withdraws" the allegations supporting the claim against that defendant for Rule 11 purposes. (Dkt. 100 at 2–4.)

## LEGAL STANDARD

Rule 11 provides that a motion for sanctions must be served to the opposing party but must not be filed with the Court if the challenged matter is withdrawn or corrected within 21 days after service. *N. Illinois Telecom, Inc.* v. *PNC Bank, N.A.*, 850 F.3d 880, 885 (7th Cir. 2017). A Rule 11 violation may be either "subjective" or "objective." *See Mars Steel Corp.* v. *Cont'l Bank N.A.*, 880 F.2d 928, 930–32 (7th Cir. 1989) (explaining that Rule 11 prohibits "frivolousness on the objective side" and "bad faith on the subjective side"). Where, as here, an objective violation is asserted, "[t]he court must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc.* v. *Off. & Pro. Emps. Int'l Union, Loc. 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citation and quotation marks omitted). In other words, "Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense." *McGreal* v. *Vill. of Orland Park*, 928 F.3d 556, 560 (7th Cir. 2019) (citation and quotation marks omitted). The court has "considerable discretion in deciding whether to issue Rule 11 sanctions." *Hinterberger* v. *City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020); *see also* Fed. R. Civ. P. 11(c)(1) (emphasis added) ("[T]he court *may* impose an appropriate sanction … .").

## ANALYSIS

The issue here is whether plaintiffs maintained the protection of the safe harbor clause when they dismissed Fenix Internet under Rule 41(a) instead of filing an amended complaint under Rule 15. If plaintiffs cured within the safe harbor period, sanctions are precluded, and there is nothing more to discuss. *Xped LLC* v. *Entities Listed on Exhibit 1*, 690 F. Supp. 3d 831,

846 (N.D. Ill. 2023) ("A motion for Rule 11 sanctions cannot be filed with the court if the opposing party withdraws or corrects the allegedly sanctionable filing.").

Rule 41(a) permits voluntary dismissal of an action by plaintiff without a court order if they file a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). At the outset, Fenix Internet's safe harbor letter and motion for sanctions do not indicate that Fenix Internet thought it was necessary for plaintiffs to amend their complaint to remove allegations concerning Fenix Internet to comply with the safe harbor letter's demand that plaintiffs "dismiss their claim against Fenix Internet with prejudice within 21 days[.]" (Dkt. 91 at 17.) The letter requested only dismissal, not an amended complaint excising the offending allegations. And the motion dropped its arguments based on Fenix Internet's continued presence in the case as a party.

But in reply, Fenix Internet argues that in the Seventh Circuit, Rule 41(a) should be used to dismiss an entire action, as opposed to "cleaving away" particular claims or parties from a larger case.[2] (Dkt. 94 at 12) (quoting *Heselton* v. *Espinoza*, No. 21-CV-1592-DWD, 2023 WL 6465384, at *1 n.1 (S.D. Ill. Oct. 4, 2023)) (citing *Taylor* v. *Brown*, 787 F.3d 851, 857 (7th Cir. 2015)). Fenix Internet argues that the proper vehicle to dismiss a defendant from an action is instead amendment (presumably under Fed. R. Civ. P. 15(a), as noted in *Taylor*, 787 F.3d at 858, though Fenix Internet does not make this explicit in its briefing).

For these assertions, Fenix Internet relies on *Taylor* v. *Brown*, 787 F.3d 851 (7th Cir. 2015). In *Taylor*, the Seventh Circuit held that Rule 41(a) was not the proper vehicle by which to

---

[2] There is ambivalence in Fenix Internet's argument on this point, as it notes that it would have no qualms if plaintiffs had dismissed their claim against Fenix Internet with prejudice, as "the dismissal would have had res judicata effect, thus sparing Fenix Internet future expense and prejudice." (Dkt. 94 at 14.) While this would have achieved the ends Fenix Internet seeks, Fenix Internet does not explain how dismissing with prejudice avoids what it asserts is Rule 41(a)'s prohibition on dismissing some but not all defendants.

dismiss a claim against one officer defendant while Taylor pursued the claim against other defendants. *Id*. at 857–58. Instead, the district court should have given Taylor the opportunity to amend his pleadings under Rule 15(a). *Id*. at 858. This is because the Seventh Circuit has "said that Rule 41(a) 'does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case.'" *Id*. at 857 (quoting *Berthold Types Ltd.* v. *Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001)).

But in a more recent Seventh Circuit case, *Dr. Robert L. Meinders, D.C., Ltd.* v. *United Healthcare Services, Inc.*, the court, when recounting the procedural history of the case, noted that parties had stipulated to dismissing seven defendants using Rule 41(a) in the lower court. 7 F.4th 555, 559 n.4 (7th Cir. 2021). The Seventh Circuit posited that *Taylor* did not prohibit such a maneuver: "While we have observed that Rule 41(a)(1) 'should be limited to dismissal of an entire action,' we do not believe that *Taylor* poses a problem here. The parties' stipulation dismissed the 'entire action' as it related to the [dismissed defendants]—accordingly, both the entities and all [plaintiff's] claims against them dropped out of the lawsuit when the stipulation was filed." *Id*. (internal citations omitted) (quoting *Taylor*, 787 F.3d at 857); *see Interfocus Inc.* v. *Hibobi Tech. Ltd.*, No. 22-CV-2259, 2023 WL 4137886, at *2 n.1 (N.D. Ill. June 7, 2023) (internal citations omitted) ("There may be some internal tension in Seventh Circuit case law on this point. *Taylor* interpreted 'an action' to mean 'the whole case.' But a more recent case, [*Meinders*], seemingly interpreted 'an action' to mean all claims against certain defendants, even though there were other pending claims against other defendants."); *see also Pedrina* v. *Chun*, 987 F.2d 608, 609 (9th Cir. 1993) ("The question presented by this appeal is whether Rule 41(a)(1) allows a plaintiff to dismiss without a court order fewer than all of the named defendants, or whether the Rule is limited to dismissals of the plaintiff's entire case … . We

6

agree with the First, Third, Fifth, and Eighth Circuits that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment.").[3]

Similar to the defendants in *Meinders*, plaintiffs' dismissal of Fenix Internet was a dismissal of the "entire action" as it relates to Fenix Internet, even without an amended complaint. Fenix Internet and plaintiffs' claims against it dropped out of the lawsuit when the dismissal was filed on August 28, 2024, the day before the safe harbor period ended.

And though Fenix Internet's safe harbor letter had demanded dismissal with prejudice, plaintiffs' dismissal without prejudice was sufficient to dismiss the claim, which was then sufficient for avoiding sanctions under Rule 11. *See Browne* v. *Hearn*, No. 2:22-CV-368-JVB-APR, 2023 WL 2986194, at *2 (N.D. Ind. Apr. 18, 2023) (internal citations omitted) ("[Rule 11 movant] is displeased that [respondent's] dismissal of the lawsuit is without prejudice, but Rule 11 refers to the challenged item being withdrawn or appropriately corrected … . Rule 11 does not empower the moving party to demand action beyond withdrawal or appropriate correction of the offending document within the relevant time period."). By dismissing Fenix Internet and all claims against it, plaintiffs complied with the safe harbor letter within the 21-day period. As such, the motion for sanctions should not have been filed in the first place.

Finally, although "Rule 15(a) is the better course for voluntarily dismissing individual parties or claims in the future," courts in this circuit, in the interest of judicial economy,

---

[3] Adding to the debate around the permissible uses of Rule 41(a), the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States is currently soliciting public comment for its proposed amendments to Rule 41(a). The proposed amended rule would permit a plaintiff to dismiss some or all claims against a defendant, without filing an amended complaint. *See* Judicial Conference Committee on Rules of Practice and Procedure, Preliminary Draft: Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, and the Federal Rules of Evidence 51–54 (2025), https://www.uscourts.gov/sites/default/files/document/preliminary-draft-of-proposed-amendments-to-federal-rules_august2025.pdf.

frequently accept the use of Rule 41(a) to dismiss all claims against individual defendants. *Meinders*, 7 F.4th at 559 n.4; *see Hanusek* v. *FCA US LLC*, No. 18-CV-509-NJR-GCS, 2019 WL 1239265, at *1 n.2 (S.D. Ill. Mar. 18, 2019) ("While the Court acknowledges the plain reading of [Rule 41(a)], it finds that dismissing this plaintiff, rather than ordering amendment of the complaint, is in the interest of judicial economy in this particular case."); *Manuel* v. *Nalley*, No. 15-CV-783-SMY-RJD, 2017 WL 6593703, at *1 (S.D. Ill. Dec. 26, 2017), *aff'd*, 966 F.3d 678 (7th Cir. 2020) ("While the Court acknowledges the plain reading of [Rule 41(a)], it finds that dismissing [certain] defendants, rather than ordering amendment of the Complaint, is in the interest of judicial economy… .").

Plaintiffs dismissed the action as to Fenix Internet within the safe harbor period. This appropriately corrected the offending action under Rule 11. The court will not consider Fenix Internet's other arguments for sanctions, including the veracity of plaintiffs' jurisdictional allegations, as they are mooted by plaintiffs' actions under the safe harbor provision of Rule 11.

## CONCLUSION AND ORDER

For the foregoing reasons, Fenix Internet's motion for sanctions is denied. Plaintiffs are directed to file a fourth amended complaint which omits allegations against Fenix Internet.

Date: October 20, 2025

_____
U.S. District Judge Joan H. Lefkow